

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JAMES M. SMITH, and wife
REBECCA M. SMITH,

    Plaintiffs,

vs.                                      CASE NO.: CV-00-J-3306-S

ALLSTATE INSURANCE
COMPANY,

    Defendant.

## MEMORANDUM OPINION

Currently pending before the court is the defendant's motion for summary judgment (doc. 12), memorandum and evidence in support thereof, to which the plaintiffs responded (doc. 13). The court has reviewed all of the pleadings and briefs in support of and in opposition to the motion for summary judgment.

### I. Factual Background

On April, 27, 1999, a pipe burst under the plaintiffs' master bathroom sink. Plaintiffs' Exhibit 1 (affidavit of plaintiff). The plaintiffs reported this incident to the defendant on May 7, 1999. Plaintiffs' response at ¶ 1. On May 12, 1999, the defendant's adjuster inspected plaintiffs' home. Plaintiffs' memorandum at 1. The defendant contends that a follow-up inspection was made on May 21, 1999. Defendant's memorandum at 1. The defendant then issued a check to the plaintiffs for repairs. Plaintiffs' Exhibit 1 (affidavit of plaintiff). The

defendant further contends that a follow-up call was made to the plaintiffs on May 24, 1999. Defendant's memorandum at 2. The plaintiffs contend that they contacted the defendant approximately one year after their pipe burst to report sub-flooring damage and mold underneath the house. Plaintiffs' memorandum at 1. Plaintiffs allege that the defendant did not respond to their report, thereby creating this dispute. Plaintiffs' memorandum at 1. The defendant had plaintiffs' home inspected on January 3, 2001 and the plaintiffs had their home inspected on June 1, 2001. Defendant's exhibit A and B (affidavits of Grater and Hayes) and plaintiffs' memorandum at 2.

The plaintiffs commenced this action in state court alleging bad faith refusal to pay an insurance claim and other state law claims. Complaint at ¶¶ 10-14. The case was then removed to this court based on diversity jurisdiction.

## II. Standards for Evaluating a Summary Judgment Motion

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact,

> since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.*, 477 U.S. at 322-23. The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of genuine issues of material fact. *Id.* at 323. The burden then shifts to the nonmoving party to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324; FED. R. CIV. P. 56(e). In meeting this burden the nonmoving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed. R. Civ. P. 56(c); *Matsushita*, 475 U.S. at 587; *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

"The mere existence of some factual dispute will not defeat summary judgment unless the factual dispute is material to an issue affecting the outcome of the case .... A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor." *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995)). A factual dispute regarding a non-material issue will not preclude

the defendant from succeeding on a motion for summary judgment. *Brown v. American Honda Motor Co.*, 939 F.2d 946, 953 (11th Cir. 1991).

On motions for summary judgment, the court is to construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). All "reasonable doubts" about the facts and all justifiable inferences are resolved in favor of the nonmovant. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). However, all "doubts" need not be so resolved. *Barnes v. Southwest Forest Indus., Inc.*, 814 F.2d 607, 609 (11th Cir. 1987).

### III. Legal Analysis

In the light most favorable to the nonmoving party, the court finds that a genuine issue of material fact exists with respect to the breach of contract claim, but not with respect to the bad faith and fraud claims.

The basis of the defendant's motion for summary judgment is that the plaintiffs' claims fail as a matter of law. The defendant asserts the following reasons: the sub-flooring damage is not part of the original covered claim; the sub-flooring damage is not a new and separate loss that is covered; and, the loss is excluded. The defendant further contends that the plaintiffs' claim of bad faith failure to pay and failure to investigate fails as a matter of law because no breach of contract occurred. Finally, the defendant contends that the plaintiffs' allegations of fraud fail as a matter of law because no evidence of any misrepresentation, reliance or damages exists.

The plaintiffs respond that a breach of contract is evidenced by the defendant's failure to pay for the sub-flooring damage. Additionally, the plaintiffs contend that the defendant's adjuster stated the plaintiffs had one year in which to report further damage caused by the burst pipe and that the plaintiffs relied on such representation.

Whether the defendant has performed under the contract or not is disputed and thus cannot be resolved by summary judgment. The subject insurance contract obligates the defendant to make payment to the plaintiffs for covered losses. *See* Plaintiffs' Exhibit 2 (insurance contract). Thus, whether the defendant failed to perform under the contract is essentially an issue of coverage. Coverage is clearly in dispute. Both sides have submitted affidavits of experts who inspected the plaintiffs' residence after this lawsuit was filed. The defendant's experts contend that moisture concentration due to lack of proper ventilation in the foundation walls and lack of poly film on the ground caused the sub-flooring damage and mold underneath plaintiffs' residence. Defendant's Exhibits A & B (affidavits of Grater & Hayes). Further, the defendant's experts found moisture concentration in the area near the front porch, but not in the area of the master bathroom where the subject pipe is located. *Id*. The plaintiffs' expert contends that flooding which resulted from the burst pipe caused the sub-flooring damage. Plaintiffs' Exhibit 3 (affidavit of Virciglio). A genuine issue of material fact exists regarding the cause of the sub-flooring damage. The cause of the sub-flooring damage then dictates whether the damage was covered under the insurance contract.

The defendant contends that the damage would be excluded even if caused by the pipe

incident. Specifically, the defendant contends that the policy expressly excludes water on the ground, mold and seepage. The plaintiffs allege that the sub-flooring damage is covered as direct physical damage caused by the sudden and accidental escape of water from the burst pipe. The standard in Alabama for interpreting an insurance contract is "the meaning that a person of ordinary intelligence would reasonably think the language had." *Schloss v. Cincinnati Ins. Co.*, 54 F. Supp. 2d 1090, 1093 (M.D. Ala. 1999) quoting *National Union Fire Ins. Co. v. City of Leeds,* 530 So.2d 205, 207 (Ala. 1988). The language clearly excludes mold. *See* Plaintiffs' Exhibit 2 (insurance contract) at 6 and 7. However, the sub-flooring damage would be covered if defined as direct damage caused by the burst pipe. The water damage for which the plaintiffs received payment was immediately apparent. It is not clear whether the later discovered sub-flooring damage was direct or resulted gradually from water underneath the house. Thus, a genuine issue of fact remains with respect to the cause of the sub-flooring damage and therefore with respect to the issue of whether or not it breached the contract of insurance.

In consideration of the foregoing, the court finds that the defendant's motion for summary judgment on the breach of contract claim is due to be denied.

The plaintiffs' bad faith claim fails as a matter of law because the directed verdict standard for a breach of contract has not been met. *See Koch v. State Farm Fire & Cas. Co.*, 565 So.2d 226, 231 (Ala. 1990). To succeed on a claim of bad faith, the plaintiffs must show the following: (1) the defendant breached the insurance contract; (2) the defendant

intentionally refused to pay plaintiffs' claim; (3) absence of a reasonably legitimate or arguable reason for the defendant's refusal to pay; (4) the defendant's actual knowledge of the absence of any legitimate or arguable reason to deny payment; and (5) the defendant's intentional failure to determine the existence of a lawful basis to refuse payment. *Koch*, 565 So.2d at 229. As discussed above, a genuine issue exists as to whether the defendant has breached the insurance contract. "In the normal case in order for a plaintiff to make out a prima facie case of bad faith refusal to pay an insurance claim, the proof offered must show that the plaintiff is entitled to a directed verdict on the contract claim and, thus, entitled to recover on the contract claim as a matter of law." *S & W Properties, Inc. v. American Motorists Ins. Co.*, 668 So. 2d 529, 531 (Ala. 1995) (quoting *National Savings Life Ins. Co. v. Dutton*, 419 So.2d 1357, 1362 (Ala. 1982)); *Koch*, 565 So.2d at 231. Since the plaintiffs would not be entitled to a directed verdict on the contract claim, the bad faith claim fails as a matter of law.

In consideration of the foregoing, the court finds that the defendant's motion for summary judgment on the bad faith claim is due to be granted.

The plaintiffs' allegation of fraud fails as a matter of law because the plaintiffs have not presented evidence of either intent to deceive or misrepresentation. Fraud requires a showing that the defendant "intended 'at the time of the alleged misrepresentation, not to perform' and 'made the representation with a present intent to deceive.'" *Koch*, 565 So. 2d at 233 (quoting ALA. CODE § 6-5-101). While the plaintiffs claim that the defendant's

7

representative stated the plaintiffs had one year to report further damage, the defendant does not dispute the timing of the plaintiffs' report of sub-flooring damage. Further, the plaintiffs have not presented evidence of intent to deceive.

In consideration of the foregoing, the court finds that the defendant's motion for summary judgment on the fraud claim is due to be granted.

Once the plaintiffs' bad faith and fraud claims have been dismissed, the plaintiffs' action does not meet the minimum amount in controversy required for diversity jurisdiction. *See* 28 U.S.C. § 1332(a). Plaintiffs cannot recover punitive damages for a breach of contract claim. The court finds that the measure of damages cannot exceed $22,000 as a matter of law. *See* Complaint at ¶ 15. While this court has supplemental jurisdiction over plaintiffs' state law claim for breach of contract pursuant to 28 U.S.C. § 1367(a), the court declines to exercise supplemental jurisdiction. *See* 28 U.S.C. § 1367(c)(3). Because resolution of the remaining claim depends on determinations of state law, that claim is best resolved by the Alabama courts. *See Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1352-1353 (11th Cir. 1997).

This court, having considered all of the evidence submitted, finds that a genuine issue of material fact exists with respect to the breach of contract claim, but not with respect to the bad faith and fraud claims.

### IV. Conclusion

The defendant's motion for summary judgment on the claims for bad faith refusal to

8

pay and fraud is hereby **GRANTED**. The plaintiffs' state law claim for breach of contract is **REMANDED** to the Circuit Court of Jefferson County, Alabama.

**DONE** and **ORDERED** this the 26 day of September, 2001.

_____
INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE

9